DALEE BROS. *v.* G. W. & C. H. WIGGINTON.

[72 South. 149.]

1. JUSTICE OF THE PEACE. *Prosecution of appeal. Dismissal.*

Where a claimant's issue was tried before a justice of the peace on the 13th day of November and the claimant gave bond and appealed to the circuit court which commenced on the 17th of November, but the bond and papers in the cause were not filed in the circuit court at that term of court, and no proceedings were had by the claimant to force the justice of the peace to send same up to said term of court; a motion by plaintiff in execution at the March term of the circuit court, 1914, to dismiss the appeal was properly overruled.

2. Appeal. *Claim of third party. Evidence.*

Where judgment was obtained and execution levied on certain property in the possession of one of the defendants in execution, and claim thereto was made by a trustee under a trust deed, the exclusion of the testimony of the justice of the peace before whom the cause was tried to prove statements made by the defendant in execution and by the claimant, and the refusal to allow plaintiff to put claimant on the stand to testify as to facts in the case, was erroneous.

Appeal from the circuit court of Lee county.

Hon. Claude Clayton, Judge.

Suit by Dalee brothers against G. W. and C. H. Wigginton, Mrs. Sarah Wigginton claimant. From a judgment for plaintiff, claimant appeals.

The facts are fully stated in the opinion of the court.

*C. P. Long,* for appellant.

*J. E. Rankin,* for appellee.

Cook, P. J., delivered the opinion of the court.

Plaintiffs in execution, Dalee Brothers, on the 25th day of September, 1913, obtained a judgment against G. W. and C. H. Wigginton for forty-nine dollars and fifty-six cents and cost. Proper affidavit was made on this judgment and execution was issued and placed in the hands of T. N. Lyle, constable of the justice district, and was levied by him on certain cotton about two bales already ginned, and about three hundred pounds of seed cotton, and perhaps a bale of cotton unpicked in the field. This cotton, as shown by the testimony, was raised by C. H. Wigginton, and was in his possession when levied on.

A few days before the rendition of the judgment, and the issuance of an execution thereon, and the levying of the same, C. H. Wigginton executed a trust deed to C. E. Goodlett as trustee in which Mrs. Sarah Wigginton, his mother, was the beneficiary. Upon the levy-

ing, or soon after being made, the claimant's affidavit and proper issues were made and filed, and on the trial thereof, together, with other issues in the justice of the peace court, the same was decided in favor of the plaintiffs, and an appeal therefrom was taken by Mrs. Sarah Wigginton, the claimant to the circuit court.

The next term of the circuit court of Lee county, after the trial of said claimant's issue, which was on the 13th day of November, 1913, convened on the third Monday of November, 1913, which was the 17th day of November.

This bond and the papers in said cause were not filed in the circuit court at that term of the court, and no proceedings were had by the claimant to force the justice of the peace to send the same up to said term of the court. And plaintiffs in execution at the March term, 1914, of the court made a motion to dismiss the appeal from the justice of the peace court because said appeal was not prosecuted to the next term of the circuit court after the rendition of the judgment in the justice court, which motion was overruled by the circuit judge.

On the trial of the case in the circuit court, the plaintiff introduced the justice of the peace, before whom said case was tried in the lower court, to prove certain statements made by the defendant in execution, C. H. Wigginton, and also to prove certain statements made in her testimany by the claimant or beneficiary, Mrs. Sarah Wigginton. All of which testimony was objected to by the defendants and excluded by the court.

The plaintiff then called the beneficiary as a witness, who was present in court and who, through her attorney, objected to being placed on the stand on the ground that the plaintiff had no right to put her on the stand and take her testimony, in reference to the facts of the case, which objection was also sustained by the court. And peremptory instructions were asked by

the defendants and claimant and given by the court, and the jury returned a verdict accordingly.

It is impossible for us to find any reason for the rulings of the trial court in this case, upon the admissibility of the evidence offered by the plaintiff in execution. The evidence offered went directly to the heart of the controversy. We do not think the appeal should have been dismissed.

*Reversed and remanded.*